In the Matter of the Claim of GEORGE M. JACQUES, Appellant, against PARAMOUNT PUBLIX STUDIOS and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the claimant from a decision of the State Industrial Board noticed April 19, 1934, denying an award. On April 16, 1931, the claimant was an elevator operator. He contends that when he opened the elevator door a gust of wind blew something into his eye, which necessitated its ultimate removal. Convincing evidence was before the Board which tended to prove that plaintiff's eye had been injured in 1925, while in the employ of the United States Shipping Board Emergency Fleet Corporation and others; that he brought action against those employers, and alleged in his complaint the injury and the loss of sight of the same eye; and that he recovered a verdict of $2,750 in that action. Much other credible evidence was before the Board indicating that the loss of claimant's eye was not due to his employment by the Paramount Publix Studios, nor arose therefrom. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of MARY BOUCHY and Another, Respondents, against STRAND TAXI SERVICE and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Dependency award to father and mother of deceased employee. Evidence clearly establishes the dependency of decedent's parents who lived, except in so far as he and his sister contributed, entirely by public charity. The wage-rate was properly fixed under subdivision 2 of section 14 of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of WALTER WISNIEWSKI, Respondent, against J. J. HARRINGTON & Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board to claimant for an injury to his foot. Claimant was employed as a lugger in an abattoir of the employer, his duties being to move meat about the plant. While at work in the basement an interruption occurred. His foreman was elsewhere, and in order to notify the foreman of the delay claimant grabbed the cross bar of a device used for hoisting meat and was lifted to the floor above. As he swung from the hoist to the floor he slipped and fell to the floor below sustaining the injuries complained of. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.